LANE, Comptroller, v. VOLZ & FALWELL.

(Court of Civil Appeals of Texas. Austin. June 25, 1913. Rehearing Denied Oct. 8, 1913. Writ of Error Denied by Supreme Court Dec. 17, 1913.)

1. INTOXICATING LIQUORS (§ 108*)—LICENSES —PROCEEDINGS TO REVIEW FORFEITURE.

Rev. Civ. St. 1911, arts. 7436 to 7442, provide for the revocation of liquor licenses by the comptroller, and section 7443 declares that any person aggrieved by the annulling of his license may sue in the district court to reinstate such license. Const. art. 2, § 1, declares that no person in our department of the government shall exercise any power properly attached to either of the others. Held, that section 7443 must be construed as not merely providing a method for review of the action of the comptroller but as authorizing a trial de novo, for, if the comptroller was exercising judicial power, the statute under which he acted would be invalid.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 116–118; Dec. Dig. § 108.*]

2. APPEAL AND ERROR (§ 1058*) — REVIEW — HARMLESS ERROR.

In a suit by one aggrieved by the comptroller's revocation of his liquor license, any error in excluding depositions taken before the commissioner appointed by the comptroller was harmless to the comptroller, where the witnesses, whose depositions were taken, testified, and the depositions would not have strengthened the case.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4195, 4200–4204, 4206; Dec. Dig. § 1058.*]

3. INTOXICATING LIQUORS (§ 108*)—LICENSES —FORFEITURE—EVIDENCE.

In a proceeding to annul the comptroller's forfeiture of plaintiff's liquor license, a finding by the trial court that plaintiffs did not willfully and knowingly sell intoxicants to minors and students in institutions of learning held not so contrary to the evidence that it could be disturbed on appeal.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 116–118; Dec. Dig. § 108.*]

Appeal from District Court, Travis County; Geo. Calhoun, Judge.

Suit by Volz & Falwell against W. P. Lane, Comptroller. From a judgment for plaintiffs, defendant appeals. Affirmed.

B. F. Looney, Atty. Gen., and W. A. Keeling, Asst. Atty. Gen., for appellant. D. K. Woodward, Jr., and Dickens & Dickens, all of Austin, for appellees.

KEY, C. J. Counsel for appellees concede the correctness of the following general

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

statement of the nature and result of this suit, as contained in appellant's brief: This is a suit brought by appellees against appellant, as comptroller, for the reinstatement of their license to sell intoxicating liquors. Appellees alleged in their petition that on complaint filed against them charging that they, as retail liquor dealers, had sold intoxicating liquors to minors and to students of an institution of learning, and had permitted minors and students of an institution of learning to enter and remain in their place of business, appellant had, under the provision of section 9a to section 9j of chapter 17 of the Acts of the Thirty-First Legislature (1st Ex. Sess.), issued a commission and had taken testimony, and had thereafter revoked and canceled appellees' license. Appellees further alleged that they felt themselves aggrieved by the act of appellant, and that they had not knowingly sold intoxicating liquors to minors, and had not knowingly permitted minors and students of an institution of learning to enter and remain in their place of business, and alleged that the action of the comptroller was erroneous, and praying for a hearing in the matter as provided by law, and that after said hearing their license be reinstated.

Appellant filed his answer in said cause, containing formal denial of the allegations made by appellees, and alleging in substance that his action in canceling appellees' license was warranted by the testimony taken before the notary public in said matter in accordance with law, and that said testimony sustained the complaint made that appellees had violated the law as charged, and that he acted in good faith in considering and hearing the testimony, and that the charges against appellees were established by a preponderance of the creditable evidence introduced.

On a trial of said cause before the judge, a jury not having been demanded by either party, a verdict was rendered in favor of appellees on the 3d day of May, 1913, which judgment reinstated the license of appellees as a retail liquor dealer, and set aside the action of the comptroller in revoking their license. Thereafter, in the time required by law, appellant filed his motion for a new trial, which motion was by the court overruled on May 8, 1913, to which action of said court appellant excepted and gave notice of appeal to this court, and this cause is here for revision.

This cause was tried by the court as an original action. The plaintiffs were permitted to introduce any testimony they desired, tending to show whether or not appellees sold intoxicating liquors to minors and to students of an institution of learning, or permitted minors or students of an institution of learning to enter and remain in their place of business, as was alleged in the comptroller's complaint, and the defendant was permitted to produce testimony on the same point, and the court heard and determined this cause upon the testimony so taken, and refused to admit in evidence or take into consideration any testimony heard by the comptroller, or any acts or conduct of the comptroller other than the comptroller's act in forfeiting the license, and the court, after receiving the testimony in the manner herein stated, determined as a fact that appellee's license should be restored to them.

After appellant perfected his appeal in this case, appellees opened their place of business, and thereafter appellant applied to this court for a writ of injunction restraining appellees from keeping open their place of business pending this appeal, which writ of injunction was granted, and the appellees were duly enjoined from keeping open their place of business pending this appeal.

### Opinion.

[1] Under the first and second assignments of error counsel for appellant present the contention that the trial court should have excluded all other testimony, and should have admitted in evidence the written testimony taken before the notary public and upon which appellant acted in canceling the license, and should not have considered any other testimony. Articles 7436 to 7442, R. S., inclusive, confer power upon the comptroller of public accounts to forfeit liquor dealers' licenses, and prescribe the mode of procedure to accomplish that result. In canceling appellees' license the comptroller acted in substantial compliance with the statute; and, among other things, he appointed a commissioner who took the written depositions of certain witnesses, which depositions and the entire record made by the comptroller were offered in evidence in his behalf in this suit, and, upon objection, were excluded by the trial court. This suit was instituted under article 7443, R. S., which follows immediately after those regulating the procedure for forfeiture by the comptroller, and which declares that any person, feeling himself aggrieved by the action of the comptroller in forfeiting a liquor dealer's license, may bring suit against the comptroller in the district court to reinstate such license. We think it is quite clear that this statute was not intended as a mode of appeal, in which the trial was not to be de novo, but merely a review of the action of the comptroller upon the testimony presented to him. There is nothing in the statute that indicates any such legislative purpose; and, as the appellate jurisdiction of the district court seems to be limited by the Constitution to proceedings which have originated and been disposed of in other courts inferior to the district court, it would seem that the Legislature would have no power to authorize an appeal from the official action of an officer belonging to the executive and not the judicial department of the government. Appellant cannot afford to claim that his action in

forfeiting the license was a judicial act, for, if he does so, he takes the risk of having the statute, which confers upon him such power, condemned as in violation of section 1, art. 2, of the Constitution, which separates the state government into legislative, executive, and judicial departments, and declares that "no person or collection of persons being of one of these departments, shall exercise any power properly attached to either of the others, except in the instances herein expressly permitted." So we conclude that it was not the intention of the Legislature, in enacting article 7443, to provide for a mere review of the action of the comptroller upon the evidence submitted to him; but that the legislative purpose was to authorize an original suit to be tried as other civil suits are tried; and, such being the case, the first and second assignments of error are overruled.

[2] Furthermore, with one or two unimportant exceptions, all the witnesses, whose depositions were before the comptroller, were on the stand and testified in the trial of this case; and it seems to us, as a result of a comparison between the statement of facts and the evidence upon which the comptroller acted, that, if the latter had been considered by the district court, it would not have strengthened appellant's case. In other words, appellant made quite as good, if not a better, case, at the trial in the district court in favor of a forfeiture of the license, than was made by the testimony upon which he acted in declaring the forfeiture; and therefore, if it could be held that the latter testimony was admissible in this case, the error in excluding it would be harmless.

The third assignment presents substantially the same question in another form, and for the same reasons it is likewise overruled.

[3] The fourth assignment reads as follows: "The court erred in holding that the evidence introduced did not sustain the charges against plaintiffs for knowingly selling intoxicating liquors to minors and permitting minors and students of an institution of learning to enter and remain in their place of business, for the great preponderance of the testimony in this case shows that the plaintiffs knowingly violated the conditions of their application for a permit and conditions of their bond authorizing them to sell intoxicating liquors, in that they sold intoxicating liquors to C. R. Holland and J. M. Slator, both of whom were minors and students of an institution of learning, and that they permitted both of such persons to remain in their place of business knowingly." Under that assignment, counsel for appellant submit but one proposition, which is as follows: "Where the evidence establishing a fact is positive and certain, and the evidence disputing this fact is of a negative quantity, the court would not be warranted in setting aside the positive evidence establishing the fact when the great preponderance of the testimony of a positive character establishes such fact."

Both of the appellees testified positively that they were not acquainted with either Slator or Holland, and that they had never knowingly sold intoxicating liquor to either of them, and that at the time in question they were not aware of the fact that either of them were minors or students of an institution of learning. In fact, they testified that they had never sold intoxicating liquor to either Holland or Slator, or knowingly permitted either of them to enter and remain in their place of business. Slator and Holland both testified that they were in appellees' place of business two or three times on the night in question, and on each occasion purchased and drank intoxicating liquors. They each stated that they did not know who sold the liquor to them; that they were not asked and did not give any information as to their ages and as to being students, while, as a matter of fact, Holland was 19 and Slator 20 years of age, and they were each students of the State University. There was much testimony tending to show that they wore no uniforms, and were not dressed so as to indicate that they were students of an institution of learning; and there was testimony, pro and con, tending to show that there was nothing in their appearance to indicate the fact that they were minors, the greater number of witnesses testifying in appellees' favor on that point. Such being the condition of the testimony, and the trial judge having all the witnesses before him, and being in a much better position to pass upon their credibility, we overrule the fourth assignment, and hold that the evidence does not sustain the proposition submitted thereunder.

While the trial judge filed no findings of fact, the judgment which was rendered involves findings to the effect that appellees did not, on the occasion in question, knowingly sell intoxicating liquors to C. R. Holland and J. M. Slator, knowing them to be minors and students of an institution of learning, and did not knowingly permit them to remain in their place of business; and, in order to prepare the case for further appeal, we so find the facts.

All the other assignments complain of rulings made by the trial court as to the admissibility of testimony; and, without discussing the questions presented, we overrule the assignments.

As the validity of the provisions of the statute which authorize the comptroller to forfeit liquor dealers' licenses and provide for a suit to reinstate the same has not been questioned, we dispose of the case upon the assumption that the provisions providing for such forfeiture are constitutional, and that the one authorizing a suit to reinstate the license is sufficient for that purpose, although

it does not prescribe what facts shall be proved in order to obtain the judgment reinstating the license, nor does it otherwise define the cause of action.

No reversible error has been pointed out, and the judgment is affirmed.

Affirmed.